**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROSALYN JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 05-167-GPM |
| | ) |
| MERCK & COMPANY, INC., and | ) |
| WALGREEN COMPANY, d/b/a Walgreens, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On March 8, 2005, Defendant Merck & Company, Inc. (Merck) removed this action from state court, arguing that this Court has diversity jurisdiction because Walgreen Company, which is an Illinois citizen, was fraudulently joined. On March 11, 2005, Plaintiff filed a motion to remand and supporting memorandum. On April 12, 2005, the Court granted Plaintiff's motion to remand. That Order stated the following:

> ORDER OF REMAND: Case remanded to the Twentieth Judicial Circuit Court, St. Clair County, Illinois. ORDER GRANTING 6 MOTION to Remand to State Court filed by Rosalyn Jackson, as the response time has run, and no response was filed. The Court has fully analyzed the issues presented in the following cases: McQuay v. Merck & Co., Inc., et al., 05-38-GPM; Brame v. Merck & Co., Inc., et al., 05-34-GPM; Elliott v. Wyeth, Inc., et al., 03-37-GPM; and Gallaher, et al. v. Bayer Corp., et al., 01-641-GPM, and finds no reason to add to the analysis here. Defendant Merck & Co., Inc., has failed to establish that Defendant Walgreen Co. is fraudulently joined. Therefore, the parties are not of diverse citizenship. Because this Court lacks subject matter jurisdiction, this action is remanded pursuant to 28 U.S.C. section 1447(c). Plaintiff is entitled to her costs incurred as a result of the wrongful removal and shall file her application therefor on or before 4/19/2005.

(Doc. 14) On April 24, 2005, Plaintiff filed a motion for an extension of time to file her application

Page 1 of  4

for costs and expenses.  Also on that date, she filed her application for costs and expenses totaling $875.00 and an itemization thereof.  On April 25, 2005, Merck filed a motion to vacate the Order awarding fees and costs.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute.  *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000).  The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, and Merck contends that had it been allowed the opportunity to respond to Plaintiff's motion to remand, it would have been able to establish fraudulent joinder.  Specifically, it argues that the Court failed to allot three extra days for service in addition to the thirty days specifically provided for filing responses to motions to remand.  Merck is correct in this contention; despite having been served with the remand motion via the Court's electronic filing system, it was allowed an additional three days to file its response under Rule 3 of this Court's E-Filing Rules.

However, the fact that Merck did not file a response was not the only basis for this Court granting Plaintiff's motion to remand.  The Court cited four other cases in which it has considered the exact issue presented in this case.  In fact, the Court has again compared the notice of removal, motion to remand, and memorandum in support of remand in this action and in *Brame v. Merck & Company, Inc., et al.*, civil case number 05-34-GPM, and finds little substantive difference, except that Merck expands its arguments in this notice of removal.  Those arguments have been rejected

in the cases cited by the Court, and this Court finds no reason to keep repeating why, under the circumstances alleged, plaintiffs in these prescription drug cases may be able to establish a state court cause of action against an in-state pharmacy defendant.  *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (to establish fraudulent joinder, the removing defendant bears a heavy burden and must show that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant").

Moreover, reconsideration of the remand Order is not before the Court; the issue before the Court is whether the award of fees and costs was appropriate.  While Merck may feel justified in its attempt to remove this action, it is well-settled that "§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party.  An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes."  *Garbie*, 211 F.3d at 410. As set forth in the remand motion, Plaintiff brought this Court's previous Orders to Merck's attention in an attempt to obtain a consensual remand.  Yet, Merck chose, as it was entitled to do, to pursue removal.  However, its decision to do so was not without risk.  *See id*. at 411 ("the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs").  The removal was improper, and the Court remains convinced that under these circumstances, Plaintiff is entitled to her costs and actual expenses, including attorney fees, incurred as a result of the improper removal as provided under § 1447(c).  Accordingly, Merck's motion to vacate the Order awarding fees and costs (Doc. 19) is denied.

Plaintiff seeks leave to file her fee application out of time because her counsel was involved

in a trial when the application was due.  Plaintiff's request (Doc. 18) is granted, and the Court will consider the fee application as filed (Doc. 17).  Plaintiff seeks attorney fees in the amount of $875.00 and has submitted an itemization of the hours expended and the work completed.  Other than contesting the award of fees in general, Merck has not objected to the amount.  As set forth above, the Court finds that the fee award is proper and finds that the amount is appropriate.  Accordingly, Plaintiff's application for fees in the amount of $875.00 (Doc. 17) is granted.

For the foregoing reasons, Merck's motion to vacate the order awarding fees and costs (Doc. 19) is **DENIED**.  Plaintiff's motion for an extension of time to file her application for costs (Doc. 18) is **GRANTED**, and her application for costs and expenses in the amount of $875.00 (Doc. 17) is **GRANTED**.  Merck is **ORDERED** to pay Plaintiff her costs and expenses **on or before August 22, 2005**.

**IT IS SO ORDERED.**

DATED:  07/31/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge